UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**COREY L. JOHNSON,**

    Plaintiff,

v.                                     Case No. 5:23-cv-207-WFJ-PRL

**UNITED STATES OF AMERICA,**
et al.,

    Defendants.
_____/

## ORDER

Plaintiff Corey L. Johnson brought a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972),[1] alleging the defendants—the Federal Bureau of Prisons, Dr. Richard Li, Michael Berman, B.M. Antonelli, and M. Graham—violated his Eighth Amendment rights while he was incarcerated at Federal Correctional Complex, Coleman ("Coleman"). (Doc. 1). Mr. Johnson also sues the United States of America under the Federal Tort Claims Act ("FTCA"). (Doc. 1). The defendants moved to dismiss Mr. Johnson's *Bivens* claim under Federal Rules of Civil Procedure 12(b)(6) and (c). (Doc. 20). Magistrate Judge Phillip Lammens recommended the motion be granted in part and denied in part. (Doc. 27). I adopted Judge Lammens's recommendation and dismissed Mr. Johnson's *Bivens*

---

[1] The United States Supreme Court established the availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights in *Bivens*, 403 U.S. at 394–97.

1

claim against the Federal Bureau of Prisons, B.M. Antonelli, and M. Graham. (Doc. 28). The *Bivens* claim against Richard Li and Michael Berman was permitted to proceed.[2] (Doc. 28). The defendants moved to file another motion to dismiss in light of the new and controlling Eleventh Circuit opinion in *Johnson v. Terry*, 112 F.4th 995 (11th Cir. 2024),[3] that clarifies the application of *Bivens*. (Doc. 33). This Court granted the defendants' motion. (Doc. 34). Defendants Richard Li and Michael Berman now move to dismiss Mr. Johnson's *Bivens* claim against them. (Doc. 37). Mr. Johnson does not respond to the motion and his time to do so is expired.

## I. Legal Standards

Rule 12(b)(6) permits dismissal when a plaintiff fails "to state a claim upon which relief can be granted[.]" To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d

---

[2] The defendants did not move to dismiss Mr. Johnson's FTCA claim, and the claim was therefore unaffected by the ruling. (*See* Docs. 20, 28).

[3] The Eleventh Circuit vacated this opinion in *Johnson v. Terry*, No. 23-11394, 2024 WL 4379803 (11th Cir. Oct. 3, 2024), and issued a new opinion, but "[t]he analysis and result remain[s] the same[.]" *Id.* at *1.

2

840, 845 (11th Cir. 2004) (citations omitted). Moreover, the court may dismiss a claim when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). The standard under Rule 12(c) is the same as the standard for Rule 12(b). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

## II. Background

Mr. Johnson is an inmate in the Federal Bureau of Prisons' custody since 2008. (Doc. 1 at 14). Before 2019, Mr. Johnson had no serious medical diagnoses. (Doc. 1 at 14). In March 2019, Mr. Johnson arrived at United States Penitentiary Big Sandy ("Big Sandy") where he began experiencing "internal itch, daily fatigue, abdominal pain, blurred vision, and spotted skin discoloration." (Doc. 1 at 14). A medical provider at Big Sandy performed Mr. Johnson's blood work that showed a high red blood cell count, high hematocrit levels, and high hemoglobin levels. (Doc. 1 at 14). Mr. Johnson followed up with the medical staff at Big Sandy in August and September 2019 who told Mr. Johnson there was nothing wrong with him. (Doc. 1 at 14).

In December 2019, Mr. Johnson went to Highland Cancer Center where providers performed blood work, diagnosed Johnson with Polycythemia Vera—a type of blood cancer—and performed a phlebotomy to treat him. (Doc. 1 at 15). The Highland provider told Mr. Johnson he must receive weekly phlebotomies to stay alive. (Doc. 1 at 15). Mr. Johnson returned to Highland monthly for treatments but complained to providers at Big Sandy and filed grievances regarding their failure to

3

administer weekly treatments. (Doc. 1 at 16). In 2020, Mr. Johnson was unable to receive his outside medical treatments from March to September because of COVID-19, and health services would not administer the treatments despite Mr. Johnson's requests. (Doc. 1 at 16–17). During this time, Mr. Johnson continued experiencing Polycythemia Vera symptoms. (Doc. 1 at 17).

In October 2020, Mr. Johnson was transferred to Coleman. (Doc. 1 at 17). Mr. Johnson notified the intake medical staff about his condition, and they told him he would receive his treatment in the upcoming weeks. (Doc. 1 at 18). In November, Mr. Johnson complained to Dr. Li and Mr. Berman,[4] verbally and in writing, that he was suffering from Polycythemia Vera symptoms. (Doc. 1 at 18). In December, Mr. Johnson had his first visit with Dr. Li during which he complained of his symptoms—internal itch, bloat, abdominal pain, fatigue, dizziness, and blurred vision—and requested a phlebotomy. (Doc. 1 at 18–19). Dr. Li refused to treat Mr. Johnson, would not refer Mr. Johnson to a hematologist, and told Mr. Johnson he was on a waiting list for treatment but no one received timely treatment at the prison. (Doc. 1 at 19). When Mr. Johnson advised Dr. Li of the risks of him not receiving a phlebotomy—heart attack, stroke, and clogged arteries—Dr. Li told Mr. Johnson he would be fine and to drink a lot of water. (Doc. 1 at 19).

---

[4] Dr. Richard Li is the lead medical director at Coleman. (Doc. 1 at 13). Michael Berman is the assistance health services administrator responsive for day-to-day operations of health services at Coleman. (Doc. 1 at 13).

In February 2021, health services performed blood labs on Mr. Johnson which showed his elevated high red blood cell count, high hematocrit levels, and high hemoglobin levels. (Doc. 1 at 20). When Mr. Johnson encountered Dr. Li, he refused to talk to Mr. Johnson. (Doc. 1 at 20). From March to June 2021, Mr. Johnson submitted many sick call requests to health services explaining that he was suffering, but Dr. Li and Mr. Berman ignored the requests. (Doc. 1 at 21). Mr. Johnson also filed grievances against Dr. Li. (Doc. 1 at 20). Mr. Graham responded to Mr. Johnson's grievances about Dr. Li's failure to treat him and stated that a plan of care was being put in place for Mr. Johnson. (Doc. 1 at 20).

In July 2021, after nine months, Mr. Johnson finally received a phlebotomy at the Florida Cancer Center. (Doc. 1 at 22). The hematologist at Florida Cancer Center told Dr. Li and Mr. Berman that Mr. Johnson could experience severe illness or possibly death without timely treatment. (Doc. 1 at 22). The hematologist increased Mr. Johnson's aspirin level to thin his blood and prevent clogged arteries. (Doc. 1 at 22). Mr. Johnson did not receive any treatments again until December 2021 despite making multiple sick call requests. (Doc. 1 at 23). In October 2021, Mr. Johnson emailed Dr. Li to follow up on his unanswered sick calls, but Dr. Li did not respond. (Doc. 1 at 23). Mr. Johnson continued to file grievances against Dr. Li. (Doc. 1 at 23). Mr. Graham responded by alerting Mr. Johnson that a new consultation was being ordered for him. (Doc. 1 at 24).

On January 18, 2022, an ultrasound revealed that Mr. Johnson had a mild hepatomegaly and borderline splenomegaly. (Doc. 1 at 24). In April 2022,

Mr. Johnson received his third phlebotomy since he arrived at Coleman. (Doc. 1 at 24). In May, June, July, August, September, October, November, and December 2022, and January 2023, Mr. Johnson received phlebotomies. (Doc. 1 at 24–25). In March 2023, after not receiving phlebotomies in February and March, Mr. Johnson initiated this suit. (Doc. 1 at 25).

### III.  Analysis

Mr. Johnson sues Li and Berman under *Bivens*, alleging that they violated his Eighth Amendment right when they were deliberately indifferent to his serious medical needs. (Doc. 1). The defendants argue in their motion to dismiss that Mr. Johnson's claims are not cognizable under the current *Bivens* framework. (Doc. 37 at 7–18).

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officials sued in their individual capacities for Fourth Amendment violations. *Bivens*, 403 U.S. at 394–97. The Court extended *Bivens* to a Fifth Amendment claim against a congressman who fired his secretary based on her sex, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), and an Eighth Amendment claim against prison officials for failure to provide medical treatment, *Carlson v. Green*, 446 U.S. 14, 19–23 (1980). After *Bivens*, *Davis*, and *Carlson*, the Supreme Court "adopted a far more cautious course" before implying causes of action, and thus, "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Ziglar v. Abbasi*, 582 U.S. 120, 132, 135 (2017) (quoting *Corr. Servs. Corp.*

6

*v. Malesko*, 534 U.S. 61, 68 (2001)). The Supreme Court "has made [it] clear that expanding" *Bivens* is now "disfavored." *Ziglar*, 582 U.S. at 135 (citation omitted).

To determine whether a claim is actionable under *Bivens*, courts make a two-step inquiry. First, courts "ask whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). Second, if the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136).

"[F]or a case to arise in a previously recognized *Bivens* context, it is not enough that the case involves the same constitutional right and 'mechanism of injury[]'" as a previously recognized context. *Johnson v. Terry*, 2024 WL 4379803, at *7 (citing *Ziglar*, 582 U.S. at 138–39). The court looks to "whether the two cases have any relevant differences, not whether they are mostly the same." *Johnson v. Terry*, 2024 WL 4379803, at *14. Even the smallest differences can present a new context. *Id.*

*Carlson* is the only case in which the Supreme Court has recognized a *Bivens* remedy for an Eighth Amendment deliberate indifference claim. *See Carlson*, 446 U.S. at 19–23. In *Carlson*, the plaintiff was housed at a facility with inadequate medical care against the advice of doctors despite his known medical condition. *Id.* at 16, 17 n.1. The defendant provided plaintiff inadequate medical care after an asthma attack,

7

administered contra-indicated medication, provided an inoperative respirator that impeded his breathing, and did not timely transfer him to an outside hospital. *Id.* at 17. Here, Mr. Johnson contends that the defendants did not properly treat his Polycythemia Vera, a life-threatening condition, when they did not perform weekly phlebotomies despite Mr. Johnson's repeated requests for treatment and the prison medical provider's knowledge of his diagnosis. (Doc. 1 at 15–25). Mr. Johnson does not assert a resulting injury besides suffering from Polycythemia Vera symptoms while awaiting treatment. (Doc. 1 at 15–25).

In *Johnson v. Terry*, the Eleventh Circuit found plaintiff's claim, that "involve[d] prison officials, medical officers in the prison, and the deprivation of 'medically necessary assistance[,]'" did not arise in the "same context" as *Carlson* because the two cases shared only "superficial similarities." *Johnson v. Terry*, 2024 WL 4379803, at *14. In this case, Mr. Johnson does not assert that he "died from an asthma attack when officials failed to provide the medical care required to treat it[,]" but instead asserts that he suffered "severe but ultimately non-lethal physical injuries to his body that were eventually treated by the defendants." *Id.* at *14. Thus, the Eleventh Circuit's reasoning in *Johnson v. Terry* applies equally to this case and Mr. Johnson's claim presents a new *Bivens* context.

Regarding the special factors analysis, "[i]f there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* One such special factor is the existence of "*any* alternative, existing process for protecting the party's interest," regardless of that process's efficacy. *Id.* In *Johnson v.*

8

*Terry*, the Eleventh Circuit found the Federal Bureau of Prison's administrative remedy program was an alternative remedy for an Eighth Amendment deliberate indifference claim, and its existence counseled hesitation in extending *Bivens*. *Id.* at *15–16 (citations omitted). In this case, the Federal Bureau of Prison's administrative remedy program similarly provided a remedy to Mr. Johnson. Consequently, expanding *Bivens* to this context, "would 'arrogate legislative power' and allow federal prisoners to bypass the grievance process put in place by Congress through the Executive Branch." *See id.* at *16. Therefore, Mr. Johnson's claim is not cognizable under *Bivens*.

Accordingly, it is

**ORDERED**:

1. The defendants' motion to dismiss (Doc. 37) is **GRANTED**.

2. Mr. Johnson's *Bivens* claim against Richard Li and Michael Berman are **DISMISSED without prejudice** for failure to state a claim. If he chooses to reassert this claim, same is due within twenty-one (21) days.

3. The United States of America is directed to file an answer to Mr. Johnson's FTCA claim within thirty (30) days of the date of this order.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record and Corey L. Johnson, pro se